**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| **GENERAL MACHINING SOLUTIONS INC.,** | ) ) | Case No. 08-B-31900 |
| | ) | **Judge Jack B. Schmetterer** |
| Debtor. | ) | Hearing Date: January 6, 2009 |
| | ) | Hearing Time: 10:30 a.m. |

## NOTICE OF LAST DATE AND PROCEDURES FOR FILING PROOFS OF CLAIM AGAINST DEBTOR

TO:   ALL PERSONS ASSERTING A CLAIM AGAINST GENERAL MACHINING SOLUTIONS, INC.

On January 6, 2009, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), entered an Order in the above-captioned cases (the "Bar Date Order") establishing April 1, 2009 as the general claims bar date (the "General Bar Date") and May 1, 2009 as the bar date for Governmental Units (as defined in Section 101(27) of the Bankruptcy Code and described below) (the "Government Bar Date"). Except as described below, the Bar Date Order requires that any Claims (as defined herein) against General Machining Solutions, Inc. **(as debtor in the above-captioned case)** ("Debtor") be filed with the Bankruptcy Court according to the Bankruptcy Court's electronic filing guidelines. Information about the Bankruptcy Court's electronic filing guidelines may be obtained from the Bankruptcy Court's website: www.ilnb.uscourts.gov. ***All proofs of claim to be filed against General Machining Solutions, Inc. must be filed in Consolidated Case No. 08-B-31900.***

Proofs of claim must be filed on or before (a) the General Bar Date, April 1, 2009 or (b) in the case of Governmental Units, the Government Bar Date, May 1, 2009**.**
For your convenience, a proof of claim form is enclosed with this Bar Date Notice.

### ENTITIES REQUIRED TO FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all persons or entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, unions, indenture trustees, the U.S. Trustee and governmental units (individually, an "Entity"[1]) holding

---

[1] Entities include, but are not limited to, the following Entities: (1) creditors whose Claims against Debtor arose out of the rejection of executory contracts or unexpired leases by Debtor prior to the entry of the order establishing the General Bar Date; (2) governmental units holding claims against Debtor for unpaid taxes, whether arising from pre-petition tax. years or periods or pre-petition transactions to which Debtor was a party; and (3) Entities whose Claims

1

Claims against Debtor (whether secured, priority or unsecured) that arose prior to **November 21, 2008** are required to file proofs of claim by the General Bar Date or, in the case of Governmental Units, the Government Bar Date.

The following Entities must file a proof of claim on or before the General Bar Date or the Government Bar Date:

a. any Entity whose Claim is listed in Debtor's Schedules as "disputed," "contingent" or "unliquidated" and who desires to participate in this Chapter 11 case or share in any distribution in this Chapter 11 case;

b. any Entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules; or

c. any Entity asserting a Claim that is not listed in the Schedules.

The following Entities are not required to file a proof of claim on or before the General Bar Date or the Government Bar Date:

a. any Entity that has already filed a proof of claim against Debtor in accordance with the procedures set forth in this Bar Date Notice;

b. any Entity (a) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against Debtor is not listed as "disputed," "contingent" or "unliquidated" in the Schedules;

c. any Entity whose Claim against Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court; or

d. any Entity asserting a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of Debtor's Chapter 11 case.

An Entity should not file a proof of claim if such Entity does not have a Claim against Debtor. Receipt of this Bar Date Notice by an Entity does not mean that such Entity has a Claim or that Debtor or the Bankruptcy Court believes such Entity has a Claim. Moreover, neither Debtor nor its attorneys nor the Bankruptcy Court can advise an Entity whether an Entity should file a proof of claim.

## CLAIMS RELATED TO REJECTION OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

---

against Debtor arose out of the obligations of such Entities under a contract for provision of liability insurance to Debtor.

2

Any Entity whose Claims arose out of the rejection of an executory contract or an unexpired lease must file a proof of claim on or before the later of: (a) the date set by the Court in the Order authorizing the rejection of such contract or lease; or (b) the General Bar Date, or as applicable, the Government Bar Date (the "Rejection Bar Date").

### CLAIMS RELATED TO AMENDMENTS TO SCHEDULES

If Debtor amend its Schedules subsequent to the mailing of this Bar Date Notice to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against it reflected therein, then the affected claimant shall have until the later of (a) 30 days after such claimant is served with notice that Debtor has amended its Schedules or (b) the General Bar Date, or as applicable, the Government Bar Date to file a proof of claim or to amend any previously filed proof of claim (the "Amended Schedule Bar Date").

### CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but that fails to do so in a timely manner, will be forever barred, estopped and enjoined from:

    a.    asserting any Claim against Debtor;

    b.    asserting any Claim against Debtor that such entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (in either case, an "Unscheduled Claim"); and

    c.    voting upon, or receiving distributions under, any plan or plans of reorganization in this Chapter 11 case.

If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the General Bar Date or Government Bar Date. Any Entity that relies on the Schedules bears responsibility for determining that its Claim is accurately listed therein.

### DEFINITION OF A CLAIM

For purposes of this Bar Date Notice, a "Claim" shall mean, as to or against Debtor: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or

3

not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. The City of Chicago and the Chicago Department of Revenue shall be included in this category and shall not be a "governmental unit."

DEFINITION OF GOVERNMENTAL UNIT

For purposes of this Bar Date Notice, a "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or other instrumentality of the United States (but not a United States trustee while service as a trustee in a case under this title), a State a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other domestic government.

**RESERVATION OF RIGHTS**

Debtor reserve the right to: (a) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, nature, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing set forth in this Bar Date Notice shall preclude Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

Dated: Chicago, Illinois
      January 6, 2009

          **GENERAL MACHINING SOLUTIONS, INC.**
          Debtor,


          By**:**     **/s/ Ariel Weissberg**
            One of its attorneys


Ariel Weissberg, Esq. (No. 03125591)
Rakesh Khanna, Esq. (No. 06243244)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514

4